### ZINN v. AUTO–STROP SAFETY RAZOR CO.

(Circuit Court of Appeals, Second Circuit. December 7, 1909.)

No. 93.

PATENTS (§ 328*)—INFRINGEMENT—SAFETY RAZOR.

    The Scheuber patent, No. 679,639, for a safety razor, as limited by the prior art, *held* not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Mary Zinn against the Auto-Strop Safety Razor Company. Decree for defendant (170 Fed. 197), and complainant appeals. Affirmed.

Clifford E. Dunn, for appellant.

T. F. Bourne (Walter D. Edmonds, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The art was a crowded one when Scheuber entered it, affording opportunity only for specific improvements on existing structures. The particular structure which he undertook to improve was the Kampfe razor, in which the guard is rigid and the blade, pushed forward by a spring against lugs on the guard positions itself so as to have the "guard-line" at the proper place and thus enable the user to shave himself efficiently and safely. There would be no patentability in a mere reversal of functions, accomplishing the same result by making the blade rigid and the guard adjustable; nor in making both adjustable which is what Scheuber did. If the means disclosed for accomplishing such result were sufficiently novel and ingenious a patent covering such means might be valid, but it is not necessary to determine that question to decide this case. It is sufficient to consider the means for effecting adjustment which the patent discloses.

The guard is spring-pressed rearwardly towards the guard-line and movement in that direction not being resisted and overcome, will pass to the rear of that line. While in that position the blade is inserted and being spring-pressed forwardly towards the guard-line engages with lugs on the guard and pushes the latter forward till proper adjustment is secured. As the specifications express it:

    "The guard shown is what may be called 'automatic' or 'self-adjusting,' or, in other words, the blade as it moves into place will move or adjust the movable guard, so that the guard-line comes to the proper position relative to the razor blade."

---

Other expressions in the specifications and in the claims indicate that the Circuit Court was not in error when it held that the patent limited the invention to a holder wherein the blade acted to push the guard forward. In several of the claims are found the phrase "a blade-adjusted movable guard," "a blade-adjustable guard," "a guard adapted to be engaged by the blade to be moved or adjusted thereby," and "a hinged or movable guard set by the blade." Claims where broader language is used in reference to the action of the guard must of course be construed in conformity to the means for setting the guard which the specifications disclose.

The patentee states that the guard can be made movable otherwise than by sliding—as for example by swinging or hinging; and in Figs. 7 and 8 he shows a spring hinge in the casing which will allow the guard and its supports to be swung off so as to open up the interior of the casing and thus give access to the interior for cleaning. But when the cleaning is done with, the guard swung back and the razor ready to be put to use, the guard is in position when it is again blade-adjustable. Referring to the form shown in Figs. 7 and 8, the specifications say:

"A spring-hinge, h', arranged to normally swing or move the guard inward [towards the guard-line and beyond it if not resisted], but the spring of which yields to allow the blade to move the guard more or less outwardly will automatically affect adjustment or proper relative position of the guard and blade."

In defendant's device the blade does not move the guard more or less forward to effect adjustment; it has no movement whatever forward or back being hinged on a rigid axle, and the guard therefore is not engaged by the blade to be moved or adjusted thereby.

The decree is affirmed, with costs.